## Gwynn's Estate (No. 2).

*Decedent's estate — Widow's exemption — Election to take appraisement out of proceeds of land—Appraisement—Act of April 8, 1859, P. L. 425.*

In a proceeding to have a widow's $300 exemption charged upon the deceased husband's interest in lands, where the widow also elected to take real estate to the value of $5,000 under the Act of 1909, the appraisers of the widow's exemption have no authority to determine the value of the husband's real estate, out of the proceeds of which the widow has elected to take her exemption, where they have determined that the real estate was of greater value than $300 and that it could not be divided without prejudice to or spoiling the whole.

Argued October 14, 1912. Appeal, No. 152, Oct. T., 1912, by Frank Gwynn, Remembrance Gwynn, Jesse Gwynn, Albert Gwynn, Frances Wise and Ida M. Inghram, from decree of O. C. Greene County, March Court, 1911, No. 52, confirming appraisement of widow's exemption in estate of Thomas H. Gwynn, deceased. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed in part.

Proceeding under the Act of April 8, 1859, P. L. 425, to have widow's exemption of $300.00 appraised and set aside.

INGHRAM, J., filed the following findings of fact, and conclusions of law:

### FINDINGS OF FACT.

First: That Thomas H. Gwynn died intestate on the 19th day of August, 1910, in Greene County, Pennsylvania, but at the time of his death was domiciled and had his residence in Pittsburgh, State of Kansas, and had been engaged in business there for many years.

Answer: Found that Thomas H. Gwynn died intestate on the 19th day of August, 1910, in Greene County,

Pennsylvania, and that at the time of his death he was domiciled and had his residence in Jefferson Township, Greene County, Pennsylvania, but that before his removal to Pennsylvania he had been engaged in business in the State of Kansas for many years. (2)

Second: That the lands upon which the widow's exemption of $300.00 is sought to be charged by this appraisement are lands of which Marshall Gwynn, father of Thomas H. Gwynn, deceased, was the perquisitor or purchaser, and the interest of Thomas H. Gwynn therein was acquired by him by descent from his father on the death of his father, Marshall Gwynn, intestate.

Answer: Found.

### CONCLUSIONS OF LAW.

First: That Ida M. Gwynn, widow of Thomas H. Gwynn, deceased, by the death of Thomas H. Gwynn, intestate, is not entitled, under the laws of this Commonwealth, to have the exemption of $300.00 set apart to her and charged upon these lands of which Marshall Gwynn was the perquisitor or purchaser, the interest of Thomas H. Gwynn in which was acquired by devolution and descent.

Answer: Refused. (3)

Second: That the appraisement and charge of $300.00 in favor of Ida M. Gwynn, widow of Thomas H. Gwynn, deceased, in and by this proceeding having been made and charged against lands acquired by Thomas H. Gwynn by descent from his father, shall be set aside at the costs of Ida M. Gwynn.

Answer: Refused.

*Errors assigned,* among others, were (2, 3) answers and requests, as above set out, and (4) the decree of the court.

*James J. Purman,* for appellants.

*F. W. Downey,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 20, 1913:

There were two appraisements and two appeals in this case; one appeal is from the decree confirming the appraisement of the widow's exemption in the manner provided by the Act of April 8, 1859, P. L. 425; and the other from the decree confirming the appraisement of the real estate set apart for the widow under the Act of April 1, 1909, P. L. 87. What was said in the opinion handed down upon the question of the right of the widow to take the real estate of her husband under the Act of 1909 without reference to the source from whence he derived his title, applies to this appeal. The widow clearly had the right under the facts as found by the learned court below to elect to take the $300.00 exemption out of the lands of her deceased husband. The appraisers returned that the real estate was of greater value than three hundred dollars, and that it could not be divided "without prejudice to or spoiling the whole." Under these circumstances the widow elected to take her exemption out of the proceeds of the real estate, and this she had the right to do. This appraisement was made in accordance with the provisions of law, and we see no valid reason for disturbing it so far as the exemption itself is concerned. The effect of the appraisement was to make the $300.00 a lien upon the land, which if sold, would require payment out of the proceeds. However, in addition to the exemption the widow is entitled to take real estate to the value of five thousand dollars under the Act of 1909, and this she has elected to do. Under the two acts she can take real estate to the value of fifty-three hundred dollars, but the appraisements are 'made under different acts of assembly, and this necessarily creates some confusion in the practice. In the present case the appraisers of the exemption fixed the value of the interest of the deceased husband in the real estate in question at $5,000.00, but the question of placing the value upon the real estate held by her husband at the time of his death, and taken by the widow

under the Act of 1909, is primarily to be determined by the appraisers appointed for this purpose under the authority of the later act. When the widow elects to take her exemption out of the proceeds of real estate, and not the title to the same, there is no occasion for the appraisers to fix a valuation upon the entire tract as was done in the present case. This is especially true when, as in the case at bar, the widow has also elected to take real estate to the value of five thousand dollars under the Act of 1909. The important fact to be determined under the Act of 1909 is the value of the real estate which the widow elects to take, and this must be determined by appraisers appointed for that purpose as required by the Act of 1849, and not by the appraisers of the widow's exemption. The appraisers of the widow's exemption in the present case had no authority to determine the value of the real estate in question and this part of their appraisement is set aside. In the other appeal the decree was reversed, and the record remitted for the purpose of permitting the appraisement of the real estate taken by the widow under the Act of 1909 to be made in accordance with the provisions of the Act of April 9, 1849, P. L. 533.

We fully concur with the learned court below in the findings of fact and conclusions of law relating to the domicile of the decedent. The appraisement of the widow's exemption was properly made except as to the valuation placed upon the entire interest which the decedent held in the real estate at the time of his death.

Decree affirmed except as to the valuation of the real estate which is to be determined by appraisers in accordance with the provisions of the Act of 1849. Costs to be paid out of the estate.